UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA



**Randolph Jack Solo**

    **Plaintiff,**

v.                                                  Case No. 3:25-cv-698

**S. Martinelli & Company**

    **Defendant.**

JURY DEMAND? YES

### COMPLAINT

15 U.S.C. § 1125(a)
False Advertising, Negligence

Plaintiff seeks $80,500,850.00 in relief.

1. **Jurisdiction**. Plaintiff (Randolph Jack Solo) is suing Defendant (S. Martinelli & Company) for False Advertising, a deliberate and willful act, under Section 43(a) of the Lanham Act [15 U.S.C. § 1125(a)]. Plaintiff also claims damages due to Negligence on the part of Defendant.

2. **Venue**. All events took place in Charleston, West Virginia and Huntington, West Virginia. Plaintiff currently resides in Cabell County (Barboursville), West Virginia.

3. Defendant is S. Martinelli & Company, a California corporation, doing business at 735 West Beach, Watsonville, CA 95076.

1

4. Plaintiff is Randolph Jack Solo, residing in Cabell County (Barboursville, WV), and receiving correspondence at P.O. Box 33, Barboursville, WV 25504.

5. Plaintiff requests a Jury Trial.

6. 21 C.F.R. § 101.30 Paragraph b(3), of FDA regulations, states: if the beverage contains 100 percent juice and also contains non-juice ingredients that do not result in a diminution of the juice soluble solids or, *in the case of expressed juice, in a change in the volume, when the 100 percent juice declaration appears on a panel of the label that does not also bear the ingredient statement, it must be accompanied by the phrase 'with added ingredient(s)'* or something similar (italics added). Paragraph (i) defines 'expressed juice' as juice that is not concentrated and reconstituted.

7. On or about May 1, 2025, Plaintiff purchased a half gallon bottle of Martinelli's Apple Juice at a Walmart (in Quincy, WV).

8. The front label/panel (on the shelf facing consumers) states that the product is 100% juice (not from concentrate) without any indication of any additional ingredients.

9. The back label/panel states, in small type, that vitamin C is added to the product making the total 90mg of Vitamin C per cup of apple juice.

10. Normally apple juice is very low in Vitamin C, where one cup of natural apple juice (without any additives) contains less than 3mg Vitamin C per cup, making apples one of the fruits lowest in Vitamin C content. This is 30X (thirty times) less than the amount of Vitamin C found in Martinelli's (Defandant's) apple juice with added Vitamin C.

2

11. Vitamin C is customarily added to juices and other foods because it acts as a preservative (anti-oxidant), significantly increasing the shelf-life of the product.

12. Vitamin C can cause painful attacks of gout in some people.

13. Other animals make their own vitamin C, but the human adult body does NOT make Vitamin C.

14. Plaintiff consumed the apple juice—relying on the front label/panel description—and became very sick. The added high dose (90mg/cup) of Vitamin C in the Martinelli's (Defendant's) Apple Juice caused an extreme attack of Gout that made walking excruciatingly painful (like walking barefoot on broken glass) for 5 consecutive days. During the first day of the gout attack, Plaintiff was forced to crawl to use the bathroom since walking was too painful to bear. Plaintiff has since recovered, but seeks monetary compensation for Pain & Suffering from Defendant (see below).

15. In the month of May 2025, Plaintiff sent a courtesy NOTICE OF CLAIM letter to Defendant, seeking some type of settlement in lieu of a lawsuit. Around June 2025, Defendant sent a reply back to Plaintiff saying the claim was "baseless."

16. On or about June 17, 2025, Plaintiff again purchased the same half gallon bottle of Martinelli's Apple Juice at Walmart (in Quincy, WV)—looking for any changes in labelling on the product. There were minor changes in the labelling, but it still did not comply with FDA regulations. This time Plaintiff did NOT drink the juice.

17. On or about June 19, 2025, Plaintiff sent a first-class U.S.P.S. letter to Defendant, including a draft version of this complaint detailing exactly how Defendant was in violation of Federal Law and how to fix their labelling to comply, and a second offer of settlement, in the hope of sparing other innocent people any pain and harm (possibly even death) because of Defendant's actions.

18. As of November 1, 2025, there were no visible changes to the Defendant's product labelling (on the shelf at Walmart in Barboursville, WV) and all appearances are that the abovementioned letter (of June 19) was either discarded without being opened or discarded without being fully read. Plaintiff believes that ANY further communication directly with Defendant (in the absence of their attorney) may be completely ignored.

RELIEF

**A.** Plaintiff asks The Court to award (i.e., order) monetary compensation from Defendant for Total Damages in the amount of **$80,500,850** (eighty million five hundred thousand eight hundred and fifty dollars) comprised of:

1. $500,000 for Pain & Suffering (per diem; $100,000 per day for 5 days) plus
2. $700 for Court Fees plus
3. $150 for Out-of-Pocket Expenses and
4. $80,000,000 (eighty million dollars) in Punitive Damages, to send a clear message throughout the corporate farming industry and to safeguard future consumers.

**B.** Plaintiff also asks The Court for INJUNCTIVE RELIEF in the form of a Court Order, forcing Defendant to comply with FDA Regulations under Federal Law—either the Defendant can completely remove the added Vitamin C from their product(s) or change the labelling (specifically on the front panel) to be in compliance with 21 C.F.R. § 101.30.

**C.** Plaintiff also asks The Court for any other relief that The Court deems appropriate.

I certify that all these statements are true.

_RJ Solo_ (signature)  
Randolph J. Solo, Plaintiff (Pro Se)  
P.O. Box 33  
Barboursville, WV 25504  
rsolo007@proton.me

11/25/2025  
Date



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Jill Asbury
Barboursville Public Library
749 Central Avenue
Barboursville WV 25504
My Commission Expires April 2, 2029

County of Cabell  
State of West Virginia  
The foregoing instrument was acknowledged before me this 25 day of November, 2025 by Randolph J. Solo  
_____ Notary Public  
My commission expires 4-2-2029