## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**RANDOLPH JACK SOLO,**

      **Plaintiff,**

**v.**                                  **Case No.: 3:25-cv-00698**

**S. MARTINELLI & COMPANY,**

      **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Defendant S. Martinelli & Company's Combined Motion to Dismiss and Supporting Memorandum, (ECF No. 16); Motion to Establish Plaintiff's Identity and Stay Proceedings, (ECF No. 18); and Motion for Leave to Supplement its Motion to Establish Plaintiff's Identity and Stay Proceedings. (ECF No. 23). The matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the following reasons, the undersigned respectfully **RECOMMENDS** that the District Court **GRANT** Defendant's motion to dismiss, (ECF No. 16); **DISMISS WITH PREJUDICE** Plaintiff's Lanham Act and FDCA-based claims; **DISMISS WITHOUT PREJUDICE** Plaintiff's negligence and fraud claims; **DENY AS MOOT** Defendant's remaining motions, (ECF Nos. 18, 23); **DISMISS** this action; and **REMOVE** this matter from the docket of the Court.

1

## I.    Facts

Plaintiff initiated this civil action on November 25, 2025, by filing a *pro se* Complaint against Defendant S. Martinelli & Company. (ECF No. 1). He alleges that Defendant falsely advertised its apple juice product by labeling the product as "100% JUICE" despite the addition of vitamin C. (*Id.* at 2). Plaintiff asserts that he suffered a gout attack after consuming the product and seeks monetary damages and injunctive relief for claims arising under the Lanham Act, negligence, and fraud. (*Id.* at 3, 5). Plaintiff later filed a one-page "Amendment to Complaint" adding a fraud claim, alleging that Defendant "intentionally misled" consumers by failing to disclose added vitamin C on the front label of the product. (ECF No. 7 at 1).

On March 18, 2026, Defendant filed a Combined Motion to Dismiss and Supporting Memorandum. (ECF No. 16). Defendant argues that Plaintiff cannot pursue a false advertising claim under the Lanham Act as a private consumer, cannot privately enforce Food and Drug Administration ("FDA") labeling regulations, and otherwise fails to plausibly plead negligence or fraud. (*Id.* at 4–8). Plaintiff filed a response in opposition to Defendant's motion to dismiss on March 31, 2026. (ECF No. 19). Defendant thereafter filed a reply memorandum. (ECF No. 21).

Separately, Defendant filed a Motion to Establish Plaintiff's Identity and Stay Proceedings in which Defendant asserted that "Randolph Jack Solo" may not be Plaintiff's true legal identity and requested that Plaintiff be required to establish his identity before the case proceeded further. (ECF No. 18). In support, Defendant cited Plaintiff's multiple lawsuits filed under the name "Randolph Jack Solo," background-check information Defendant contended linked Plaintiff to other names and aliases, and Plaintiff's alleged failure to provide identifying information ordinarily included in filings. (*Id.* at 2–4).

Defendant later filed a related reply memorandum, (ECF No. 22), and a Motion for Leave to Supplement its identity-related motion with additional information concerning Plaintiff's subsequent litigation conduct, (ECF No. 23).

All motions are fully briefed and ripe for disposition.

## II.    **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal where a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor, the Court need not accept legal conclusions, conclusory allegations, or unwarranted inferences. *Iqbal*, 556 U.S. at 678–79. Additionally, Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The Court further recognizes that Plaintiff is proceeding *pro se. Pro se* pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, liberal construction does not relieve a *pro se* plaintiff of the obligation to comply with the Federal Rules of Civil Procedure, nor may the Court act as the litigant's advocate by constructing claims or legal arguments not clearly presented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

## III.    **Discussion**

Plaintiff seeks monetary damages and injunctive relief arising from alleged false advertising, violations of FDA labeling regulations, negligence, and fraud. For the

following reasons, the undersigned concludes that Plaintiff fails to state a viable claim for relief.

### A. *Lanham Act*

Plaintiff alleges Defendant falsely advertised its apple juice product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (ECF No. 1 at 1-2). He contends that he purchased Defendant's product on or about May 1, 2025, from a Walmart in Quincy, West Virginia. (*Id.* at 2). According to Plaintiff, the front label identified the product as "100% JUICE" while the rear label disclosed the addition of vitamin C. (*Id.*). Plaintiff alleges that he consumed the product and later suffered a gout attack. (*Id.* at 3). He seeks damages and injunctive relief requiring Defendant to alter its product labeling. (*Id.* at 5).

Defendant argues that Plaintiff cannot pursue a Lanham Act false advertising claim because Plaintiff is a private consumer rather than a commercial plaintiff alleging injury to a commercial interest in sales or business reputation. (ECF No. 16 at 4–5). Section 43(a) of the Lanham Act creates a cause of action for unfair competition arising from false or misleading commercial representations. 15 U.S.C. § 1125(a).

The Supreme Court of the United States has explained that "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014). The Supreme Court further explained that "[a] consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act." *Id.* at 132. Likewise, the Supreme Court later reiterated that, although consumers may indirectly benefit from Lanham Act enforcement, "the cause of action is for competitors, not consumers." *POM Wonderful LLC v. Coca-Cola*

4

*Co.*, 573 U.S. 102, 107 (2014). Courts applying the Lanham Act have consistently concluded that private consumers cannot pursue false advertising claims under § 1125(a). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that consumers lacked standing to pursue Lanham Act false advertising claims. *Made in the USA Foundation v. Phillips Foods, Inc.*, 365 F.3d 278, 281 (4th Cir. 2004).

Plaintiff alleges only that he purchased Defendant's product as a consumer for personal use and later suffered personal injury after consuming it. (ECF No. 1 at 2–3). He does not allege injury to a commercial interest, injury to business reputation, or injury to sales. Plaintiff therefore falls outside the class of plaintiffs authorized to pursue a false advertising claim under § 1125(a).

In response to the motion to dismiss, Plaintiff argues *Lexmark* is distinguishable because it involved a trademark dispute and therefore purportedly does not apply to the present action. (ECF No. 19 at 1). Plaintiff further argues his claim "falls through the cracks" because he is not a commercial competitor but nonetheless seeks relief for alleged false advertising. (*Id.* at 1–2). Plaintiff additionally argues consumers should be permitted to pursue Lanham Act claims as a matter of public policy. (*Id.* at 2–3). However, his arguments are unpersuasive.

Although *Lexmark* arose in a commercial context, the Supreme Court expressly addressed false advertising claims brought under § 1125(a) and squarely held consumers may not invoke the protections of the Lanham Act's false advertising provision. *Lexmark*, 572 U.S. at 131–32. The Supreme Court's discussion was not limited to trademark infringement disputes or to the specific factual posture presented in *Lexmark*.

Plaintiff likewise cites no authority permitting a private consumer to pursue a Lanham Act false advertising claim under circumstances such as those alleged here.

Plaintiff instead advances policy arguments regarding consumer protection and FDA enforcement. (ECF No. 19 at 2–3). Regardless of Plaintiff's policy concerns, this Court remains bound by controlling Supreme Court precedent limiting § 1125(a) false advertising claims to plaintiffs alleging commercial injury. *Lexmark*, 572 U.S. at 131–32. Plaintiff's own allegations confirm that he proceeds solely as a consumer. Plaintiff alleges that he purchased Defendant's product for personal consumption and later suffered personal injury. (ECF No. 1 at 2–3).

Accordingly, the undersigned **FINDS** that Plaintiff fails to state a cognizable claim under the Lanham Act. Further, because the defect in Plaintiff's claim is legal, rather than factual, amendment would be futile. For that reason, dismissal with prejudice is appropriate.

### B. FDA Labeling

Plaintiff further seeks injunctive relief compelling Defendant to alter its labeling practices to comply with FDA regulations. (ECF No. 1 at 5). Plaintiff's "Amendment to Complaint" additionally alleges that Defendant "intentionally misled" consumers through its product labeling. (ECF No. 7 at 1).

Defendant argues Plaintiff cannot privately enforce FDA labeling regulations because enforcement authority under the Federal Food, Drug, and Cosmetic Act ("FDCA") rests exclusively with the federal government. (ECF No. 16 at 5–6). Indeed, Congress expressly provided that "all such proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States." 21 U.S.C. § 337(a). The Supreme Court has likewise recognized that "[p]rivate parties may not bring enforcement suits" under the FDCA. *POM Wonderful*, 573 U.S. at 109.

6

Courts consistently reject attempts by private litigants to directly enforce FDA labeling regulations through civil litigation. *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001); *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010); *In re PepsiCo, Inc., Bottled Water Mktg. & Sales Practices Litig.*, 588 F. Supp. 2d 527, 538 (S.D.N.Y. 2008). Plaintiff seeks an injunction compelling Defendant to alter its product labeling to comply with FDA regulations. (ECF No. 1 at 5). Such relief would constitute private enforcement of the FDCA and its implementing regulations. Plaintiff cites no authority authorizing a private litigant to obtain such relief directly under the FDCA.

Plaintiff argues that FDA enforcement is inadequate as a practical matter and that consumers should be permitted to pursue claims involving allegedly unsafe or misleading products. (ECF No. 19 at 2–3). He references tattoo inks and pesticides as examples of areas in which he believes federal regulation is insufficient. (*Id.*). These arguments do not establish a private cause of action. The issue before the Court is not whether Plaintiff believes FDA enforcement is sufficient as a matter of public policy. Rather, the question is whether Congress authorized private litigants to enforce FDA labeling regulations through civil litigation. Congress did not do so. 21 U.S.C. § 337(a). Plaintiff's disagreement with the statutory enforcement framework cannot create a private right of action where none exists.

Additionally, Plaintiff fails to plausibly establish entitlement to prospective injunctive relief. To pursue injunctive relief, a plaintiff must plausibly allege a real and immediate threat of future injury. *Kenny v. Wilson*, 885 F.3d 280, 287–88 (4th Cir. 2018). Plaintiff alleges only a past injury arising from his alleged purchase and consumption of the product. (ECF No. 1 at 2–3). Although Plaintiff asserts that he later

7

purchased another bottle to inspect the labeling, he states that he did not consume that product. (*Id.* at 3). Plaintiff therefore alleges only a past alleged injury and does not plausibly allege an imminent future injury sufficient to support prospective injunctive relief.

The undersigned **FINDS** that Plaintiff cannot privately enforce FDA labeling regulations and fails to establish entitlement to injunctive relief. The absence of a private enforcement right under the FDCA presents a legal defect that Plaintiff cannot cure through amendment. Accordingly, dismissal with prejudice is likewise appropriate.

### C. Negligence

Plaintiff also asserts a negligence claim. (ECF No. 1 at 1). As noted, he alleges that Defendant improperly labeled and marketed its juice product, and he later suffered a gout attack after consuming the product. (*Id.* at 2–3). Defendant argues Plaintiff fails to plead the elements of negligence, including duty, breach, and causation. (ECF No. 16 at 6–7).

For purposes of the present motion, the undersigned accepts Plaintiff's factual allegations as true. Nevertheless, the allegations fail to state a viable claim for relief. "To establish a prima facie case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff." *Aikens v. Debow*, 208 W. Va. 486, 490, 541 S.E.2d 576, 580 (2000). A plaintiff must allege duty, breach, proximate causation, and damages. *Strahin v. Cleavenger*, 216 W. Va. 175, 183, 603 S.E.2d 197, 205 (2004). Plaintiff's allegations fail to establish these essential elements.

Plaintiff alleges Defendant labeled its product as "100% JUICE" despite the addition of vitamin C. (ECF No. 1 at 2). He further alleges that he experienced a gout

8

attack after consuming the product. (Id. at 3). Beyond this temporal sequence, however, Plaintiff alleges no facts connecting the product to his alleged injury.

Most significantly, Plaintiff does not allege any facts sufficient to establish causation. Plaintiff does not identify any medical diagnosis connecting the product to his alleged condition, any medical treatment arising from the alleged injury, or any factual matter plausibly establishing that the addition of vitamin C to the product proximately caused his alleged gout attack. Plaintiff instead asserts only that he consumed the product and later experienced physical symptoms. Such conclusory allegations are insufficient under Rule 12(b)(6).

Courts routinely dismiss negligence claims where causation allegations are purely speculative or conclusory. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff alleges only generalized labeling complaints and does not identify facts establishing a cognizable duty owed by Defendant under West Virginia law. Although Plaintiff references FDA regulations concerning juice labeling, alleged regulatory noncompliance alone does not establish the elements of a negligence claim under West Virginia law.

The Court recognizes that Plaintiff is proceeding *pro se* and therefore construes his pleadings liberally. Yet, liberal construction does not relieve a *pro se* litigant of the obligation to allege sufficient factual matter to state a plausible claim for relief. *Beaudett*, 775 F.2d at 1277–78. Plaintiff's response also fails to meaningfully address Defendant's arguments regarding duty, breach, or causation. (ECF No. 19). Plaintiff instead focuses almost entirely upon his Lanham Act and FDA-related arguments. (*Id*.). Although Defendant argues Plaintiff abandoned the negligence claim, (ECF No. 21 at 2–3), the undersigned independently concludes Plaintiff's allegations fail to state a plausible negligence claim under Rule 12(b)(6).

For the above reasons, the undersigned **FINDS** that Plaintiff fails to plead a plausible negligence claim.

### D. Fraud

Plaintiff's "Amendment to Complaint" alleges Defendant "intentionally misled" consumers by failing to disclose added vitamin C on the front label of the product. (ECF No. 7 at 1). Defendant argues Plaintiff fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. (ECF No. 16 at 7–8).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fourth Circuit has explained that Rule 9(b) requires a plaintiff to plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 553 (4th Cir. 2019) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). Stated differently, a plaintiff must plead the "who, what, when, where, and how" of the alleged fraud. *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013). Plaintiff's allegations do not satisfy this standard. Plaintiff alleges only that Defendant "intentionally misled" consumers by failing to disclose added vitamin C on the front label of the product. (ECF No. 7 at 1). Plaintiff does not identify a specific individual who allegedly made a fraudulent representation or allege facts supporting fraudulent intent or reasonable reliance. Plaintiff likewise fails to allege facts showing Defendant knowingly intended to deceive him specifically.

Furthermore, Plaintiff's allegations remain conclusory with respect to causation and damages. Plaintiff alleges that he consumed the product and later experienced a gout attack. (ECF No. 1 at 3). Plaintiff does not allege any facts demonstrating that Defendant

knowingly misrepresented the product with intent to induce reliance or that Plaintiff suffered legally cognizable damages as a result of actionable fraud.

Courts routinely dismiss conclusory fraud allegations arising from allegedly misleading product labeling where plaintiffs fail to plead specific factual matter establishing fraudulent intent, reliance, or actionable misrepresentations. *Spaulding*, 714 F.3d at 781; *Harrison*, 176 F.3d at 784. Like the negligence claim, Plaintiff's response likewise fails to meaningfully address Defendant's Rule 9(b) arguments. (ECF No. 19). Instead, Plaintiff focuses almost exclusively upon his Lanham Act and FDA-related arguments. (*Id*.). Regardless, the undersigned independently concludes that Plaintiff's allegations fail to satisfy Rule 9(b).

Accordingly, the undersigned **FINDS** that Plaintiff fails to plead fraud with particularity.

### E. Remaining Motions

Defendant also filed a Motion to Establish Plaintiff's Identity and Stay Proceedings, a related reply memorandum, and a Motion for Leave to Supplement. (ECF Nos. 18, 22, 23). These motions concern Defendant's request that Plaintiff establish his identity and Defendant's request to stay proceedings pending resolution of that issue. The undersigned recommends dismissal of the Complaint and "Amendment to Complaint" in their entirety. Thus, the undersigned **FINDS** that these motions are moot.

## IV.    <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Defendant S. Martinelli & Company's Combined Motion to Dismiss and Supporting Memorandum, (ECF No. 16);

11

2. **DISMISS WITH PREJUDICE** Plaintiff's Lanham Act and FDCA-based claims;

3. **DISMISS WITHOUT PREJUDICE** Plaintiff's negligence and fraud claims;

4. **DENY AS MOOT** Defendant's Motion to Establish Plaintiff's Identity and Stay Proceedings, (ECF No. 18), and Defendant's Motion for Leave to Supplement its Motion to Establish Plaintiff's Identity and Stay Proceedings, (ECF No. 23);

5. **REMOVE** this matter from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by Judge Chambers for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and the undersigned.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to counsel of record and any unrepresented parties.

**FILED:** May 22, 2026

Joseph K. Reeder
United States Magistrate Judge

13